JAN STEPHEN KAPCALA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kapcala v. Commissioner
Docket No. 23216-82.
United States Tax Court
T.C. Memo 1987-150; 1987 Tax Ct. Memo LEXIS 143; 53 T.C.M. (CCH) 408; T.C.M. (RIA) 87150; March 19, 1987. *143 Held: No part of compensation for services as intern-resident is subject to section 117(a) exclusion. Jan Stephen Kapcala, pro se. Timothy J. Snyder, for the respondent. WHITAKER
OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax liability for the calendar year 1979 in the amount of $846. The sole issue is whether *144 or not petitioner is entitled to a deduction in the amount of $3,600 for an "educational stipend" under section 117(a). [1]
The facts in this case have been fully stipulated pursuant to Rule 122 and they are so found. When the petition in this case was filed, petitioner resided in the State of Ohio but at the time of trial his residence was in the State of Pennsylvania. During the year 1979 petitioner was a participant in the orthopedic residency training program at Akron General Medical Center (AGMC). This training program is a 5-year program for graduates of accredited medical schools, operating on a fiscal year from July 1 through June 30. During the first year, participants are classified as interns and for the next 4 years as residents. During the first year, each intern is rotated among various departments and programs in the hospital. After that time the individual as a resident would be assigned to a specific department or program as a specialty. During the first 6 months *145 of the year 1979, petitioner was an intern in this program and for the remainder of the year a resident. Upon appointment he executed a contract with AGMC entitled "Appointment as a House Officer" which contract specified the rights and obligations of the two parties. Petitioner's compensation for the first year was $13,000 and for the second year $13,500. The W-2 Form issued by AGMC to petitioner for the year 1979 shows gross wages of $13,206.21. [2]
AGMC is a private, nonprofit general service hospital serving the Akron, Ohio, metropolitan area. It is affiliated with Northeastern Ohio University College of Medicine, providing training for medical students from that medical school. AGMC serves two types of patients, private patients referred by staff physicians and "house patients" from the local community who are without funds or insurance to pay for hospitalization. Petitioners duties as an intern-resident during 1979 were typical of duties normally performed by interns and residents. He was always subject to the supervision of an attending physician, working between 40 and 80 hours per week. If AGMC had not employed *146 intern-residents, the duties performed by those individuals would have had to be performed by attending physicians. Petitioner neither submitted a brief nor appeared before us when the case was submitted; we do not, therefore, have the benefit from petitioner of the basis for his contention. We can only assume that the $3,600 exclusion claimed on his return is based on the provisions of section 117(b)(2)(B) which, in a circumstance where the individual is not a candidate for a degree, limits the exclusion under section 117(a) to "$300 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year * * *." However, it is not necessary for us to know the precise basis for petitioner's contention since under no circumstance does section 117(a) apply to the facts of this case. Section 117(a) applies only to payments which are part of a scholarship or fellowship grant. The test to be applied is whether the primary purpose of the payment is to educate the recipient or to compensate the recipient for services rendered. This is a typical case where the compensation paid to petitioner by AGMC is compensation for his *147 services as an intern-resident during the year 1979. His salary is therefore fully taxable. ; , affd. ; . Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We cannot account for this minor discrepancy.↩